**UNITED STATES PATENT AND TRADEMARK OFFICE**
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451

THIS OPINION IS A
PRECEDENT OF THE
T.T.A.B.

Mailed: February 22, 2010

Opposition No. 91185884
Opposition No. 91191912

Dating DNA, LLC

v.

Imagini Holdings, Ltd.

**Michael B. Adlin, Interlocutory Attorney:**

Opposition No. 91185884 now comes up for consideration of opposer's motions to reopen discovery and to compel, both filed August 25, 2009, and opposer's motion to consolidate Opposition Nos. 91185884 and 91191912, filed November 17, 2009. All three motions are fully briefed.

Background

Pursuant to the Board's order of November 13, 2008 in Opposition No. 91185884, initial disclosures were due February 12, 2009, and discovery closed on July 12, 2009. Neither deadline has been extended. With respect to the parties' initial disclosures, there is no dispute that:

- applicant timely served its initial disclosures on February 12, 2009;

- opposer failed to timely serve its initial disclosures; and

- opposer eventually served initial disclosures on July 29, 2009.

Opposer's Motion to Compel pp. 2-3; Applicant's Opposition to Opposer's Motion to Compel pp. 2-3.  With respect to discovery, there is no dispute that:

- both parties timely served written discovery requests, with opposer serving its requests on June 9, 2009;

- opposer timely responded to applicant's discovery requests;

- applicant informed opposer on July 14, 2009, the due date for responses or objections, that it would not respond to opposer's discovery requests; and

- applicant explained that it did not respond to opposer's discovery requests because opposer did not serve its initial disclosures prior to serving its discovery requests.

Opposer's Motion to Compel p. 2; Applicant's Opposition to Opposer's Motion to Compel pp. 3-4.

Opposer's Motions to Reopen and Compel and Applicant's Opposition Thereto

Opposer requests that discovery be reopened and trial dates be reset, and that applicant be compelled to respond to opposer's discovery requests, despite opposer's failure

to timely serve initial disclosures.[1]  Specifically, while opposer admits that it "erred" by not timely serving initial disclosures, opposer argues that applicant should not have waited until after discovery closed to inform opposer that it would not be responding to opposer's discovery requests.  Opposer claims that if applicant had informed opposer, before discovery closed, that applicant did not intend to respond to opposer's discovery requests because opposer failed to timely serve initial disclosures, opposer could have remedied the situation while discovery remained open.

In any event, opposer claims that its failure to timely serve initial disclosures was due to an "oversight." While opposer does not explain any of the circumstances surrounding the alleged "oversight" in its motions, opposer informed applicant in an e-mail that it prepared its initial disclosures in a timely manner but "due to some clerical error on our part" the initial disclosures were never served.  Declaration of Beth Goldman in Support of Applicant's Opposition to Opposer's Motion to Compel ("Goldman Dec.") Ex. B.  Opposer claims that its failure to

---

[1]    Opposer filed two separate and virtually identical motions, one to reopen and one to compel, rather than a single, combined motion.  The Board discourages this practice, which is inefficient.

timely serve initial disclosures was harmless, and that "Applicant used Opposer's failure to provide initial disclosures" in an effort to inappropriately "game the system." Finally, opposer claims that applicant would not be prejudiced if the discovery period is reopened. Opposer argues that its motion to compel responses to its discovery requests should be granted even if its motion to reopen is not.

Applicant argues that opposer's "bare statement of an 'oversight'" does not establish that opposer's failure to timely serve initial disclosures was the result of excusable neglect. Furthermore, applicant argues that opposer is responsible for following the rules and meeting applicable deadlines "if it wants to avail itself of the discovery process." Applicant claims that it acted in good faith and was under no obligation to inform opposer of its intentions prior to its deadline for doing so. Applicant also points out that: (1) after serving its untimely initial disclosures, opposer has not re-served its discovery requests; (2) opposer has not requested that the Board reopen the deadline for serving initial disclosures; and (3) opposer did not seek applicant's consent to extending the discovery period before it closed. Applicant argues that opposer's motion to compel should be denied

4

because opposer violated Trademark Rule 2.120(a)(3) by not serving initial disclosures prior to serving its discovery requests.[2]

Opposer's Motion to Consolidate

On September 2, 2009, the Board suspended Opposition No. 91185884 pending disposition of opposer's motion to compel, and ordered that the parties not file any paper which is not germane to the motion to compel. Opposer argues, however, that its motion to consolidate is germane to the motion to compel, "in that grant of this Motion would necessarily tie the discovery proceedings to the junior opposition, thereby making the prior Motions moot." In any event, opposer argues that consolidation is appropriate because the two proceedings involve the same parties, similar marks, and common issues of fact and law.

In response, applicant argues that opposer's motion to consolidate "is just another veiled effort to sidestep the TTAB's rules and deadlines." Specifically, applicant appears to agree with opposer's assertion that if the proceedings are consolidated, the discovery period would be reopened, and argues that opposer would, inappropriately, thereby "effectively be awarded new discovery and

---

[2]    Opposer did not file a reply brief in support of either its motion to reopen or its motion to compel.

disclosure deadlines despite its past neglect." Applicant argues that it would be prejudiced if any of opposer's motions are granted, because it has expended significant time and resources on motion practice as a result of opposer's conduct. Applicant does not, however, dispute opposer's contention that the two proceedings involve the same parties, similar marks, and common issues of fact and law.

Decision on Motions to Compel and Reopen

Turning first to opposer's motion to reopen, discovery closed on July 12, 2009. In order to reopen the now-expired discovery period, opposer must establish "excusable neglect." Baron Philippe de Rothschild S.A. v. Styl-Rite Optical Mfg. Co., 55 USPQ2d 1848, 1852 (TTAB 2000) ("Pursuant to Fed. R. Civ. P. 6(b)(2), the requisite showing for reopening an expired period is that of excusable neglect."). As the Board stated in Baron Philippe:

> In Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380, 395 (1993), the Supreme Court set forth four factors to be considered in determining excusable neglect. Those factors are: (1) the danger of prejudice to the non-moving party; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within

> the reasonable control of the moving party; and, (4) whether the moving party has acted in good faith.  In subsequent applications of this test by the Circuit Courts of Appeal, several courts have stated that the third factor may be considered the most important factor in a particular case.  See Pumpkin Ltd v. The Seed Corps, 43 USPQ2d 1582, 1586 at fn. 7 (TTAB 1997).

Id., at 1852.

Considering the third factor first, opposer's entirely unexplained "oversight" in not timely serving initial disclosures, and its failure to seek an extension of the discovery period before it closed, were entirely within opposer's reasonable control.  Indeed, as applicant points out, after opposer received applicant's initial disclosures, "Opposer should have realized it might have a parallel obligation to send its own Initial Disclosures …."  More importantly, opposer does not explain the nature of the "oversight," how it occurred or how it prevented opposer from taking action, and opposer has therefore not established that its failure to serve initial disclosures was outside of its reasonable control.  HKG Industries Inc. v. Perma-Pipe Inc., 49 USPQ2d 1156, 1158 (TTAB 1998) (finding that petitioner failed to establish excusable neglect because it did not provide "critical factual information" about its attorney's death, or explain why

other attorneys with petitioner's law firm could not have taken action). Perhaps most importantly, opposer's "oversight" or "clerical error" in failing to timely serve initial disclosures does not in any way excuse its failure to seek an extension of the discovery period before that period closed.[3] In fact, "opposer neither contends that it was unaware of the discovery and trial deadlines nor that it was in any way prevented from taking action." Atlanta-Fulton County Zoo Inc. v. DePalma, 45 USPQ2d 1858, 1859 (TTAB 1998). Therefore, this factor weighs heavily against a finding of excusable neglect.

Turning to the remaining factors, there is no evidence that opposer's delay would significantly prejudice applicant, beyond additional delay. This factor therefore weighs slightly in favor of a finding of excusable neglect. However, opposer's delay in serving initial disclosures was significant, and opposer did not serve its initial disclosures until after it was informed by applicant that

---

[3]    It is noted, however, that had opposer sought an extension merely to preserve any option for conducting follow-up discovery after the anticipated receipt of responses to the discovery it served on June 9, 2009, the motion might well have been denied. It is well established that a party that delays in initiating discovery, so that it will not receive responses to an initial set of discovery requests until after the scheduled close of discovery, generally is not entitled to an extension to allow for follow-up discovery. TBMP §§ 403.04 and 403.05 (2d ed. rev. 2004).

doing so is a prerequisite to serving discovery.[4]  This factor weighs slightly against a finding of excusable neglect.  Finally, there is no evidence that opposer has acted in good faith, or in bad faith, and this factor is therefore neutral.

Weighing all of the factors together, opposer has not established that its delay was outside of its reasonable control, and the length of the delay was meaningful.  These factors easily outweigh the relative lack of prejudice to applicant.  Accordingly, opposer has not established excusable neglect, and its motion to reopen is therefore **DENIED**.

Turning next to opposer's motion to compel, Trademark Rule 2.120(a)(3) provides that "[a] party must make its initial disclosures prior to seeking discovery …."  Opposer failed to comply with this Rule, and accordingly its motion to compel also is **DENIED**.  Opposer's argument that applicant should have informed opposer earlier, and before discovery closed, that it would not be responding to opposer's discovery requests is not well-taken.  Opposer

---

[4]    The Board order instituting this proceeding informed the parties that amended rules relating to disclosures and discovery were published in the Federal Register at 72 Fed. Reg. 42242 and posted on the Board's web page.  Thus, had opposer referenced these rules, it would have known of its obligation long prior to being informed of it by applicant.

served its discovery requests by mail, and accordingly applicant was allowed 35 days to respond. Within this 35 day period, applicant informed opposer that it would not be responding to opposer's discovery requests, and clearly and specifically explained the reason, i.e. opposer's failure to serve initial disclosures. Cf. Amazon Technologies, Inc. v. Wax, __ USPQ2d ___, TTAB Opposition No. 91187118 (TTAB Nov. 4, 2009) (motion to compel granted where the party refusing to respond to discovery requests failed to specifically cite the failure to serve initial disclosures as the basis for its refusal). That applicant did not inform opposer of its position until two days after discovery closed is not necessarily a function of applicant attempting to "game the system," but instead a function of opposer choosing to serve its discovery requests late in the discovery period. See, TBMP § 403.05 (explaining importance of serving discovery requests early enough to allow for time to take follow-up discovery).

Consolidation and Scheduling

Notwithstanding the denial of opposer's motions to reopen and compel in Opposition No. 91185884, it is clear that trying Opposition Nos. 91185884 and 91191912 together

10

is appropriate.[5]  In fact, each proceeding involves identical parties, similar marks and related or identical issues.  When cases involving common questions of law or fact are pending before the Board, the Board may order the consolidation of the cases.  <u>See</u> Fed. R. Civ. P. 42(a); <u>see also</u>, <u>Regatta Sport Ltd. v. Telux-Pioneer Inc.</u>, 20 USPQ2d 1154 (TTAB 1991).  Accordingly, opposer's motion to consolidate is hereby **GRANTED**, and Opposition Nos. 91185884 and 91191912 are hereby consolidated.

The consolidated cases may be presented on the same record and briefs.  <u>See</u> <u>Helene Curtis Industries Inc. v. Suave Shoe Corp.</u>, 13 USPQ2d 1618 (TTAB 1989) and <u>Hilson Research Inc. v. Society for Human Resource Management</u>, 27 USPQ2d 1423 (TTAB 1993).

The Board file will be maintained in Opposition No. 91185884 as the "parent" case.  As a general rule, from this point on only a single copy of any paper or motion should be filed in Opposition No. 91185884; but that copy should bear both proceeding numbers in its caption.

Despite being consolidated, each proceeding retains its separate character.  The decision on the consolidated

---

[5]     Whether or not opposer's motion to consolidate is "germane" to its motion to compel, there is no dispute that the cases involve identical parties, and similar marks and issues.  The Board therefore exercises its discretion to consider the motion in the interest of judicial economy.

Opposition Nos. 91185884 and 91191912

cases shall take into account any differences in the issues raised by the respective pleadings; a copy of the decision shall be placed in each proceeding file.

As for scheduling, discovery is closed in Opposition No. 91185884, and only recently opened in Opposition No. 91191912, but the two cases should nevertheless be tried together. Accordingly, Opposition No. 91185884 is hereby **SUSPENDED** while the parties complete discovery in Opposition No. 91191912.[6] Following the completion of discovery in Opposition No. 91191912, these consolidated cases shall converge for trial, pursuant to the schedule set forth below.

Conclusion

Opposer's motions to reopen and compel in Opposition No. 91185884 are denied. Opposer's motion to consolidate is granted, and discovery, trial and other dates in these now-consolidated proceedings are reset as follows:

| | |
|---|---|
| Discovery Closes in Opposition No. 91185884 | **CLOSED** |
| Initial Disclosures Due in Opposition No. 91191912 | **March 8, 2010**[7] |

---

[6]  Because discovery in Opposition No. 91185884 is closed, discovery in Opposition No. 91191912 may only relate to the claims, defenses and/or marks in Opposition No. 91191912.

[7]  Because the relevant witnesses and documents may be generally the same for both proceedings, the parties may agree that neither a discovery conference (if not already conducted) nor initial disclosures (if not already served) are required in Opposition No. 91191912. See Boston Red Sox Baseball Club LP v.

Opposition Nos. 91185884 and 91191912

| | |
|---|---|
| Expert Disclosures Due in<br>Opposition No. 91191912 | **July 6, 2010** |
| Discovery Closes in<br>Opposition No. 91191912 | **August 5, 2010** |
| Plaintiff's Pretrial Disclosures | **September 19, 2010** |
| Plaintiff's 30-day Trial Period Ends | **November 3, 2010** |
| Defendant/Counterclaim Plaintiff's<br>Pretrial Disclosures | **November 18, 2010** |
| Defendant/Counterclaim Plaintiff's<br>30-day Trial Period Ends | **January 2, 2011** |
| Counterclaim Defendant/Plaintiff's<br>Rebuttal Disclosures | **January 17, 2011** |
| 30-day Testimony Period for Counterclaim<br>Defendant and Plaintiff's Rebuttal Testimony<br>Period Ends | **March 3, 2011** |
| Counterclaim Plaintiff's Rebuttal<br>Disclosures Due | **March 18, 2011** |
| 15-day Rebuttal Period for<br>Counterclaim Plaintiff Ends | **April 17, 2011** |
| Plaintiff's Trial Brief Due | **June 16, 2011** |
| Defendant/Counterclaim Plaintiff's<br>Trial Brief Due | **July 16, 2011** |
| Brief for Defendant in the Counterclaim<br>And Reply Brief, if any, for Plaintiff<br>Due | **August 15, 2011** |
| Reply Brief, if any, for Counterclaim<br>Plaintiff Due | **August 30, 2011** |

---

Chaveriat, 87 USPQ2d 1767 (TTAB 2008). Absent such agreement, the parties must conference and make disclosures.

13

In each instance, a copy of the transcript of testimony together with copies of documentary exhibits, must be served on the adverse party within thirty days after completion of the taking of testimony. Trademark Rule 2.l25.

Briefs shall be filed in accordance with Trademark Rule 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.l29.

***